UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALAHADDIN AYYOUBI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10-CV-1881 SNLJ |
| | ) |
| ERIC HOLDER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion to Alter or Amend Judgment, filed August 19, 2011 (#42). Defendants have responded, and this matter is now ripe for disposition.

Plaintiff brought this lawsuit seeking a declaratory judgment that he is eligible for adjustment of his immigration status and that the defendants' failure to adjudicate his application, which had been pending for five years and on "hold" for 3 years, violates United States statutes and the Constitution, or enjoining defendants from further delaying their decision and requiring adjudication within 30 days. On July 22, 2011, this Court granted the defendants' motion to dismiss, or, in the alternative, for summary judgment and denied the plaintiff's motion for summary judgment in a length memorandum opinion and order (#41).

This Court held that, in view of all the circumstances in the case, especially national security concerns and the high-level, detailed, and discretionary reviews necessitated by exemption determinations under 8 U.S.C. § 1182(d)(3)(B)(i), a three-year delay of adjudication due to the defendants' administrative hold is not unreasonable as a matter of law. Therefore, the Court denied plaintiff's motion for summary judgment without prejudice to refiling at such time

as an unreasonable delay may be shown, and granted the defendants' motion for summary judgment.

**I.     Legal Standard**

The Court has broad discretion in determining whether to grant a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Id.* (internal quotation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Otto v. Metro. Life Ins. Co.*, 224 F.3d 602, 606 (7th Cir. 2000).

**II.    Discussion**

Plaintiff's Motion contends that the Court should alter or amend that order for reasons that will each be addressed below. The reader's familiarity with the facts, which are set out at length in the Court's Memorandum and Order (#41), is assumed.

**A.     8 C.F.R. § 103.2(b)(18)**

Plaintiff observes that the Court did not specifically address his argument that the defendants' failure to comply with USCIS's own regulation, 8 C.F.R. § 103.2(b)(18), shows that defendants unlawfully withheld adjudication of plaintiff's application. Defendants respond, as they did in their Opposition Memorandum (#31), that the regulation is inapposite here. That regulation, titled "Submission and adjudication of benefit requests," states as follows:

> Withholding adjudication. A district director may authorize withholding adjudication of a visa petition or other application if the district director determines that an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion, where applicable, in connection with the benefit request, and that the disclosure of information to the applicant or petitioner in connection with the adjudication of the benefit request would prejudice the ongoing investigation. If an investigation has been undertaken and has not been completed within one year of its inception, the district director shall review the matter and determine whether adjudication of the benefit request should be held in abeyance for six months or until the investigation is completed, whichever comes sooner. If, after six months of the district director's determination, the investigation has not been completed, the matter shall be reviewed again by the district director and, if he/she concludes that more time is needed to complete the investigation, adjudication may be held in abeyance for up to another six months. If the investigation is not completed at the end of that time, the matter shall be referred to the regional commissioner, who may authorize that adjudication be held in abeyance for another six months. Thereafter, if the Associate Commissioner, Examinations, with the concurrence of the Associate Commissioner, Enforcement, determines it is necessary to continue to withhold adjudication pending completion of the investigation, he/she shall review that determination every six months.

8 CFR § 103.2(b)(18).  Plaintiff submits that the periodic review elements of that regulation have not been followed by the defendants.  The Court agrees, however, with the defendants that the regulation does not apply in this case.  It specifically states that a district director "may authorize withholding adjudication" where "an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion," and that "the disclosure of information to the applicant or petitioner in connection with the adjudication of the benefit request would prejudice the ongoing investigation."  Such a withholding of adjudication did not happen under those circumstances here.  The plain language of the regulation, then, demonstrates that it does not apply, and the defendants' Opposition Memorandum (#31) details other reasons supporting their argument that the regulation was not designed to set deadlines over adjudication.  This Court did not err in not specifically addressing that inapplicable regulation, particularly in light of the

3

Court's detailed analysis of the six-part test to assess agency delays in *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*").

### B.     Issues of Material Fact

Plaintiff contends that the Court disregarded genuine issues of material fact.  First, plaintiff points out that the defendants did not supply their own statement of undisputed facts in support of their Motions to Dismiss or, alternatively, for Summary Judgment.  Such an oversight was not fatal to defendants' case, and the defendants responded appropriately to the statement of undisputed facts supplied by the plaintiff.  Ultimately, the Court's analysis of the *TRAC* factors did not depend on any issue of disputed fact, and it relied heavily on issues of law.  Further, the Court appropriately followed the standard for summary judgment.  The Court's determination that the 3-year-hold and 5-year-delay was not unreasonable was based on a thorough review and analysis of relevant law.  Plaintiff takes issue with the Court's statement that "plaintiff does not dispute that the exemption process is lengthy and particularized" and argues that the defendants should have been required to present a "particularized reason" for their delay in adjudicating plaintiff's application, but defendants supplied sufficient explanations for their delay by way of a declaration and the USCIS hold memorandum.  Plaintiff's memoranda never suggested that additional discovery was warranted or that it would even be helpful — indeed, plaintiff filed his own motion for summary judgment contemporaneously with his response to the defendants' initial filing.  The plaintiff's argument that the Court failed to engage in a "fact-intensive" inquiry is similarly without merit.

4

### III.     Conclusion

The Court declines to alter or amend its July 22, 2011 order. As already indicated in that Order, the plaintiff is free to refile at such time as an unreasonable delay in adjudication of his I-485 application may be shown.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Alter or Amend Judgment, filed August 19, 2011 (#42) is **DENIED**.

Dated this  9th   day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE